UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 14-20474-CIV-MARTINEZ/GOODMAN

ENRIQUE MONTOYA and
NEYSER COLONIA,

    Plaintiffs,

vs.

PNC BANK, N.A., et al.,

    Defendants.
_____/

## ORDER DENYING JOINT MOTION TO STAY DISCOVERY

In their 1981 song "The Waiting," Tom Petty and the Heartbreakers lamented that "the waiting is the hardest part."[1] Thirty-three years after the release of that song, Defendants want Plaintiffs to experience first-hand the meaning of those well-known lyrics by waiting for discovery until the Undersigned rules on Defendants' not-yet-ripe motions to dismiss.

Specifically, PNC Bank, N.A., PNC Mortgage (collectively, "PNC"), Assurant, Inc., and American Security Insurance Company (collectively, "Assurant") have moved to stay all discovery in this putative class action lawsuit involving force-placed insurance. [ECF No. 58]. In their motion, they say that Plaintiffs have propounded extensive and burdensome discovery, which they describe as a "potential waste of

---

[1]    *Waiting,* on HARD PROMISES (Backstreet 1981).

resources" pending a ruling on their dismissal motions. Plaintiffs oppose the motion to stay discovery. [ECF No. 63].

After reviewing the parties' written submissions and hearing oral argument at a June 19, 2014 hearing, the Undersigned denies the motion because: (1) the parties are currently on a tight and ambitious trial and discovery calendar and further discovery delays would be problematic; (2) the motions to dismiss are not even ripe yet and a ruling will require comprehensive analysis of myriad issues; (3) discovery stays, in general, can create case management problems and are therefore not favored; and (4) Defendants have not sufficiently shown the undue prejudice or burdensomeness necessary to justify a discovery stay.

## I.     BACKGROUND

On February 26, 2014, Plaintiffs filed a 40–page, 10-count class action lawsuit. Plaintiffs allege self-dealing and collusion in the force-placed insurance market and allege that Florida is the "epicenter for these force-placed insurance schemes." [ECF No. 1]. Defendants moved to dismiss the complaint on April 8, 2014. [ECF Nos. 33; 34]. In response, Plaintiffs filed an amended complaint on April 23, 2014. [ECF No. 42].

On May 14, 2014, Assurant and PNC each moved to dismiss Plaintiffs' amended complaint. [ECF Nos. 56; 57]. PNC filed a 49-page motion/memorandum with 34 exhibits totaling 271 pages. [ECF No. 56]. Assurant filed a 49-page

motion/memorandum (with 9 exhibits totaling 966 pages). [ECF No. 57]. That same day, they also filed the instant joint motion to stay discovery. [ECF No. 58].

Plaintiffs filed two separate responses to the dismissal motions. One [ECF No. 75] is 44 pages (with 2 exhibits totaling 61 pages) and the other [ECF No. 76] is 50 pages (with 8 exhibits totaling 354 pages). Defendants have not yet filed their replies (which are due on June 24, 2014, after an enlargement of time was provided), but, pursuant to a court order, their replies may be up to 20 pages.

Under District Judge Martinez's trial scheduling order, the parties must, among other things, exchange lists of trial witnesses by July 24, 2014, exchange expert witness summaries and reports by July 14, 2014, and **complete discovery by October 2, 2014**. [ECF No. 61]. Trial is scheduled during the two-week period beginning February 9, 2015. [*Id.*].

Defendants have not produced any documents, nor have they answered any interrogatories. Their position, as outlined in their motion to stay, is that discovery should not be provided until the Court resolves the dismissal motions. Plaintiffs, on the other hand, have scheduled 30(b)(6) corporate representative depositions for June 27, 2014.

Assuming that the Undersigned is able to issue a substantive ruling on the two voluminous, multi-ground dismissal motions within 60 days after they are ripe (June

3

24, 2014), a stay expiring then would mean that the parties would have from August 25 to October 2 -- a five-week period -- to take and complete all discovery.

On June 13, 2014, the parties filed a joint motion to continue. [ECF No. 79]. Under the proposed schedule, all discovery must be completed by December 5, 2014. Thus, even under the requested modifications, a stay expiring 60 days after the motions to dismiss became fully briefed would leave the parties little more than three months (from August 25 to December 5 ) to take and complete all discovery.

## II. LEGAL STANDARD

Defendants rely on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) for the proposition that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama* has not been overruled and it is certainly true that district courts in this circuit sometimes stay discovery pending resolution of a case-dispositive motion. But it is also equally true that district courts often reject defense motions for discovery stays and that district courts presiding over force-placed insurance lawsuits have both granted and rejected discovery stays. *Compare Karp v. Bank of Am. Corp,* No. 8:12-cv-1700, ECF No. 29, (M.D. Fla. Mar. 14, 2013) (entering discovery stay), *with Hamilton v. Suntrust Mortg. Inc.,* No. 13-60749-Civ-Cohn, ECF No. 118, (S.D. Fla. Jan. 3, 2014) (denying requested discovery stay). In fact, it appears from Defendants' reply memorandum (summarizing nationwide decisions on

4

stay motions in force-placed insurance cases) that the split is approximately 50-50 between courts granting stay motions and courts denying them.

Moreover, the Discovery Practices Handbook which is Appendix A to the Local Rules for the Southern District of Florida provides, in Section I(D)(5), that "normally, the pendency of a motion to dismiss or motion for summary judgment will not justify a unilateral motion to stay discovery pending a ruling on the dispositive motion." This provision further explains that discovery stay motions "are generally denied except where a specific showing of prejudice or burdensomeness is made or where a statute dictates that a stay is appropriate or mandatory." Defendants have not argued that such a statute exists.

### III.   DISCUSSION

As is typically the case where a defendant seeks a discovery stay, Defendants here contend that their dismissal motions are well-taken. Because the dismissal motions are not even fully briefed, the Undersigned is not prepared to now assess the viability of the motions. Nevertheless, my admittedly incomplete and preliminary review suggests that the motions may not be the "slam-dunk" submissions the Defendants describe them to be in their papers and at the hearing. *See Hamilton v. Suntrust Mortgage Inc.*, No. 13-60749-CIV-Cohn, ECF No. 118, (S.D. Fla. Jan. 3, 2014) (explaining that the court is "not convinced" that the dismissal motions in another force-placed insurance case will be dispositive of the case).

Although Defendants argue, in conclusory fashion, that the discovery would be unduly burdensome, the Undersigned is not persuaded. Apparently, a good deal of the requested discovery, at least from PNC, has already been provided to New York financial services industry regulators -- which means that much of the heavy lifting has already been completed.

Perhaps most importantly, practical considerations militate against a discovery stay. Under the current trial schedule, discovery will need to be completed by October 2, 2014 – which does not give the parties much time to produce documents, answer interrogatories, take depositions, and locate experts. The parties would likewise be under a tight, aggressive discovery timetable even under the proposed, not-yet-granted discovery enlargement request. Assuming that the joint motion to continue is granted by Judge Martinez (and there is no guarantee that it will be), the parties would need to complete discovery by December 5, 2014 -- a discovery deadline which is still ambitious and would require significant work and cooperation between the parties. The Undersigned predicts that the parties will need to embark on an energetic, concentrated and time-consuming discovery plan even *without* a discovery stay. It is therefore difficult to imagine how the parties could *ever* complete all discovery by **either** deadline if a discovery stay were to remain in effect for two or three months.[2]

---

[2] While the Undersigned is not granting a discovery stay and is therefore not precluding Plaintiffs from going forward with their June 27, 2014 30(b)(6) depositions, the Undersigned *encourages* them to consider a voluntary postponement of the

By way of summary, and for the sake of musical consistency, the Undersigned will end this Order with lyrics from another Tom Petty song, albeit a solo effort without the Heartbreakers:

As discussed above, the parties' discovery timetable will now follow the chorus from "Time to Move on": "It's time to move on, time to get going."[3]

**DONE and ORDERED**, in Chambers, in Miami, Florida, June 20, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Jose E. Martinez
All counsel of record

---

depositions. Typically, a party is able to take only one 30(b)(6) deposition on a particular issue or set of issues (and is therefore usually unable to re-notice a 30(b)(6) deposition on the same issues). If Plaintiffs take the 30(b)(6) depositions next week, then they likely will have to do so without the benefit of significant discovery. Therefore, a postponement will likely enable Defendants to produce the requested discovery and also make it easier for defense counsel to prepare the 30(b)(6) designees, a result which will benefit both Plaintiffs and Defendants.

[3]   *Time to Move on*, on WILDFLOWERS (Warner Brothers 1994).