**Exhibit A**

***Enrique Montoya, et al. v. PNC Bank, N.A., et al.***
**Case No. 1:14-cv-20474-Goodman**
**United States District Court for the Southern District of Florida**

If you were charged by PNC Bank, N.A., National City Mortgage Company, National City Insurance Group, Inc., Allinco, Inc. or Alpine Indemnity Limited[1] during the Class Period, as defined below, as an insured or additional insured for a lender-placed insurance policy for your Residential property, and you paid all or a portion of the premium for that policy to PNC during that time, you could receive a cash award from a class action settlement.

If you were charged by PNC during the Class Period, as defined below, as an insured or additional insured for a lender-placed insurance policy for your Residential property, and you did not pay but still owe the premium for that policy, you could receive a credit towards what you owe PNC. Or, alternatively, you could receive a partial refund check (if the Defendants elect, in their sole discretion, to provide checks instead of credits to eligible Settlement Class Members).

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- If you were charged by the PNC Defendants for lender placed insurance issued by American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), or Standard Guaranty Insurance Company ("SGIC") (collectively "the Assurant Defendants"), or another insurer for your Residential property, this Settlement will provide you with an opportunity to either: (i) claim a cash award, if you paid all or a portion of the premiums for that LPI Policy to PNC during the Class Period; or (ii) claim a credit towards what you currently owe PNC, if you did not pay but still owe the premiums for that LPI Policy to PNC during the Class Period.

- Class Period: The Class Period begins on January 1, 2008 and ends on _____, 20___.

---

[1]     PNC Bank, N.A. and Alpine Indemnity Limited are collectively referred to herein as "PNC" or "the PNC Defendants". Additionally, when "PNC" is referenced herein in connection with conduct predating the acquisition of National City Corporation by The PNC Financial Services Group, Inc., "PNC" means National City Mortgage Company or any of its relevant affiliates.

101076819.1

- If you were charged by PNC for an LPI Policy during the Class Period, subject to the provisions of this Notice and the Settlement, you may make a claim for benefits pursuant to this Settlement.

- This notice will explain what the class action lawsuit is about, what the Settlement will be if it is approved by the Court, whether you qualify to submit a claim for a cash award or a credit based on the Settlement, and what to do if you want to: (i) submit a claim; or (ii) object to the Settlement; or (iii) not participate in the Settlement and instead "opt out" of the class action. This notice will also tell you how to get more information if you want it.

- If you decide to submit a claim, you will need to follow the Instructions for the Class Action Claim Form, and fill out the Claim Form sent to you with this notice. Everyone submitting a Claim Form must answer the questions on the Claim Form truthfully, and must affirm the statements in the Claim Form under penalty of perjury. Some claimants must also verify their identity.

- All Settlement Class Members who meet the requirements and submit valid and properly completed Claim Forms will receive a cash award or a credit (towards what they currently owe PNC) of an amount equal to 12.5% of the Net Premium charged to the Settlement Class Member during the Class Period for the LPI Policy by PNC.

YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT. PLEASE READ THIS NOTICE CAREFULLY, AND GET MORE INFORMATION IF YOU NEED IT. THE NOTICE WILL TELL YOU HOW TO GET THAT INFORMATION.

## **WHAT THIS NOTICE CONTAINS**

BASIC INFORMATION..........................................................................................PAGE ____

    1. Why Was This Notice Sent To Me?
    2. What Is This Notice?
    3. What Is This Lawsuit About?
    4. Why Is There A Settlement?

SETTLEMENT CLASS MEMBERSHIP ...........................................................PAGE ____

    5. Who Is A Settlement Class Member?

101076819.1

6.  What If I Am Not Sure Whether I Am Included In The Settlement Class?

THE SETTLEMENT TERMS AND BENEFITS  ....................................................PAGE ___

7.  What Are The Terms Of The Settlement?
8.  How Do I Receive A Cash Award Or Credit?
9.  How Do I Know Whether I Am I Eligible For A Cash Award Versus A Credit Towards What I Owe PNC?
10. When Would I Receive My Cash Award Or Credit?
11. What Am I Giving Up To Be Part Of The SETTLEMENT Class?
12. What Happens If I Do Nothing?

EXCLUDING YOURSELF FROM THE SETTLEMENT .....................................PAGE ___

13. How Do I Get Out Of The Settlement?
14. What If I Do Not Opt Out Of The Settlement?
15. If I Exclude Myself, Can I Receive Money Or A Credit From This Settlement?

OBJECTING TO THE SETTLEMENT .................................................................PAGE ___

16. How Can I Object To The SETTLEMENT?

THE LAWYERS REPRESENTING YOU  .............................................................PAGE ___

17. Do I Have A Lawyer In This Case?
18. How Will The Class Counsel Lawyers Be Paid?

THE COURT'S FINAL APPROVAL HEARING .....................................................PAGE ___

19. When And Where Will The Court Decide Whether To Approve The Settlement?

101076819.1

20. As A Settlement Class Member, May I Speak At The Hearing?
21. Where Can I Get More Details About The Settlement?

101076819.1

## BASIC INFORMATION

**1.      WHY WAS THIS NOTICE SENT TO ME?**

This Notice was sent to you because Defendants' records indicate that your Residential insurance policy lapsed, that a hazard, flood, flood gap, or wind-only lender-placed insurance policy ("LPI Policy") was issued for your Residential property, and that you were charged by PNC, as your mortgage servicer, for this LPI Policy during the Class Period.

The Court ordered this Notice to be sent to you because you have a right to know about the proposed Settlement of this class action lawsuit, which concerns LPI issued by the Assurant Defendants or by another insurer for which you were charged by PNC, and about your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement, and if you are a Settlement Class Member, satisfy the claim criteria and submit a valid claim, you will receive either: (a) a cash award from an Administrator approved by the Court, if you paid all or a portion of the premium for your LPI Policy; or (b) a credit towards what you currently owe PNC, or, at Defendants' sole discretion, a partial refund check from the Administrator, if you have not paid the premium for your LPI Policy.  However, the cash award or credit will not be made until any objections or appeals are resolved.

**2.      WHAT IS THIS NOTICE?**

This Notice is part of a package sent to all potential Settlement Class Members like you.  The package includes this Notice, the Instructions for the Class Action Claim Form, and the Class Action Claim Form.  This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of Florida, and the case is known as *Enrique Montoya, et al. v. PNC Bank, N.A., et al.,* Case No. 1:14-cv-20474-Goodman, (Southern District of Florida).

Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey sued on behalf of you and all Settlement Class Members and are called the "Plaintiffs."  The companies they sued, PNC Bank N.A., Alpine Indemnity Limited, American Security Insurance Company, Voyager Indemnity Insurance Company, and Standard Guaranty Insurance Company, are called the "Defendants."

**3.      WHAT IS THIS LAWSUIT ABOUT?**

This lawsuit involves lender-placed insurance ("LPI"), which is insurance (hazard, flood, flood gap, or wind-only) that is placed on a borrower's property to protect the mortgage lender (and in certain circumstances the borrower) when the borrower's insurance policy lapses, or when the borrower does not maintain a homeowner's insurance policy that is acceptable to the mortgage lender.  When an LPI Policy is placed pursuant to the borrower's mortgage contract, PNC pays premiums to the LPI insurer who writes the policy, and then PNC charges the borrowers for those premiums.

The Plaintiffs have brought claims on behalf of all persons in the Settlement Class (as defined in Answer #5).  Plaintiffs allege that when a borrower was required to have insurance for his or her property pursuant to a Residential mortgage or home equity loan or line of credit serviced by PNC Mortgage, a Division of PNC Bank, National Association, or by National City Mortgage

Company, and evidence of acceptable coverage was not provided (for example, when the insurance policy did not exist or had lapsed), PNC would place insurance in a manner such that PNC allegedly received an unauthorized benefit. Plaintiffs allege further that PNC did so primarily to receive alleged "kickbacks" in the form of commissions, profits under certain reinsurance agreements, or other alleged income or benefits from the Assurant Defendants. Plaintiffs also allege that the way in which LPI policies were obtained and placed caused the rates and the amount of coverage to be excessive.

All Defendants expressly deny Plaintiffs' allegations and assert that all their actions have been fully authorized under the mortgage instruments and by law. They also expressly deny that they did anything wrong. There has been no court decision on the merits of this case and no finding that Defendants committed any wrongdoing.

**4.     WHY IS THERE A SETTLEMENT?**

Both sides have agreed to a Settlement to avoid the cost and risk of a trial and so that borrowers can get benefits in exchange for releasing Defendants from liability.

<u>**SETTLEMENT CLASS MEMBERSHIP**</u>

**5.     WHO IS A SETTLEMENT CLASS MEMBER?**

To see if you will be affected by this class action, you first have to determine if you are a member of the Settlement Class (a "Settlement Class Member"). The Settlement Class is defined as follows:

The "Settlement Class" shall include all borrowers in the United States who, within the Class Period (as defined below), were charged by PNC under a hazard, flood, flood gap or wind-only LPI Policy for Residential property, and who, within the Class Period, either (i) paid to PNC the Net Premium[2] for that LPI Policy or (ii) did not pay to and still owe PNC the Net Premium for that LPI Policy. Excluded from the Settlement Class are: (i) individuals who are or were during the Class Period officers or directors of the Defendants in the Action or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was canceled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or to the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

The "Class Period" shall commence on January 1, 2008 and shall continue through _____, 201___:

---

[2]     "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Class Period less any refund paid or credited to the Settlement Class Member.

6.    **WHAT IF I AM NOT SURE WHETHER I AM INCLUDED IN THE SETTLEMENT CLASS?**

If you are not sure whether you are included in the Settlement Class, or you have questions about the case, you may call the toll free number, 1-XXX-XXX-XXXX, or visit the Settlement Website at www.MontoyaSettlementInfo.com.

## THE SETTLEMENT TERMS AND BENEFITS

7.    **WHAT ARE THE TERMS OF THE SETTLEMENT?**

Defendants have agreed to provide a cash award or credit to each Settlement Class Member in the amount of 12.5% of the Net Premium charged to that Settlement Class Members during the Class Period, provided that the Settlement Class Member submits a valid and properly completed Claim Form, including, for some Settlement Class Members, providing a form of verification of their identity.

As described in further detail in response to Question 9, whether a Settlement Class Member is eligible to receive a cash award or credit (towards what the Settlement Class Member owes PNC) depends on whether he or she paid the premiums charged by PNC for the LPI Policy or whether he or she did not pay but still owes those premiums to PNC. Each Settlement Class Member must submit a Claim Form to be eligible to receive these benefits. Defendants also have agreed to additional injunctive relief from which you may benefit. The Settlement benefits are described in further detail in the Settlement Agreement, which is available at www.MontoyaSettlementInfo.com.

This Settlement will not affect any rights or claims that you may have under any other settlement between PNC and any governmental or private entity. This Settlement also will not affect any claim for benefits on your LPI Policy that you have made or may make in the future. However, as described below (see Answer #11), this Settlement will affect any claims that you may have relating to, concerning, or pertaining to, among other things, Defendants' conduct, policies, or practices concerning LPI Policies and charges for PNC's placement of LPI Policies during the Class Period.

8.    **HOW DO I RECEIVE A CASH AWARD OR CREDIT?**

To receive a cash award or credit towards what you currently owe, you must be a Settlement Class Member and must send in a properly completed and accurate Class Action Claim Form no later than 60 days after the Final Settlement Date (as defined in the Settlement Agreement),[3] or, if a private mail carrier is used, a label reflecting that the mail date is no later than 60 days after the Final Settlement Date. You may submit a completed Claim Form in one of the following ways:

---

[3]    The Final Settlement Date is the date on which the judgment in this case ("Judgment") becomes Final. If no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired. If any appeal has been taken from the Judgment, the Final Settlement Date means the date on which all appeals have been finally disposed of in a manner that affirms the Judgment.

7

1. You may mail the completed and signed Claim Form, with appropriate verification documentation, if necessary, to [ADDRESS OF SETTLEMENT ADMINISTRATOR].

2. You may complete, sign and upload the Claim Form to the Settlement Website no later than the Claim Deadline, provided that for those Claims requiring verification documents, scanned copies of those verification documents are uploaded to the Settlement Website with the appropriate claim number to associate the upload with the Claim.

3. You may complete your Claim Form online within the Settlement Website, utilizing an esignature format; *provided however*, for those Claims requiring verification documents, then you must upload scanned copies of those verification documents to the Settlement Website, with the appropriate claim number to associate the upload with the Claim.

The Court has scheduled a Final Approval Hearing for _____. If the Court approves the Settlement and enters Judgment on the date of the Final Approval Hearing and no appeal is filed, the deadline to submit a properly completed and accurate Claim Form will be _____. The Class Action Claim Form Instructions and a Class Action Claim Form have been sent to you with this Notice. You may also obtain a Claim Form on the Settlement Website at www.MontoyaSettlementInfo.com, or you can call for one at the toll-free number of 1-XXX-XXX-XXXX.

If you wish to submit a Claim, please read the Claim Form Instructions carefully, fill out, sign and submit the Claim Form. For Settlement Class Members who are eligible for a cash award check (rather than a credit), your identity must be further confirmed through one of several options -- the Claim Form Instructions and the Claim Form explain what those options are. If your Claim Form is not properly completed and/or all required information is not provided, it will be deemed invalid.

## 9.    HOW DO I KNOW WHETHER I AM I ELIGIBLE FOR A CASH AWARD VERSUS A CREDIT TOWARDS WHAT I OWE PNC?

The Class Action Claim Form Instructions and Claim Form explain the different relief available to Settlement Class Members, depending upon whether they paid their LPI premium.

As explained on the Claim Form, Settlement Class Members are eligible for a cash award if during the Class Period they made at least one full monthly mortgage payment to PNC after either: (a) their existing escrow account was adjusted to charge the premium for the LPI Policy; or (b) an escrow account was created to charge the premium for the LPI Policy and was charged for the LPI Policy.

All other Settlement Class Members who, during the Class Period, were charged by PNC for their LPI Policy, and who have not paid and still owe the charged Net Premium for that LPI Policy, are eligible for a reduction of what they currently owe to PNC in the amount of 12.5% of the Net Premium charged to that Settlement Class Member during the Class Period for that LPI Policy. The Net Premium is the amount of the LPI premium minus any refunds already provided to the

borrower.  Alternatively, Defendants may elect, in their sole discretion, to send partial cash award checks to such claimants.

**10.   WHEN WOULD I RECEIVE MY CASH AWARD OR CREDIT?**

The Court will hold a Final Approval Hearing on _____ to determine whether to approve the Settlement.  If Judge Goodman approves the Settlement, there may be appeals after that.  It is always uncertain when any appeals, if taken, will be resolved.  You will receive your cash award or credit within 180 days after the Settlement becomes Final, i.e., after all appeals are resolved.

**11.   WHAT AM I GIVING UP TO BE PART OF THE SETTLEMENT CLASS?**

If you otherwise fall within the definition of the Settlement Class (see Answer #5) and do not request to exclude yourself, you are a Settlement Class Member.  That means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants about LPI, or the issues that were or could have been raised in this case.  It also means that all of the Court's orders concerning the Settlement Class will apply to you and legally bind you, including the Release described in detail in Section 10 of the Settlement Agreement.  This Release provision describes the legal claims that you give up if this Settlement is approved and you do not exclude yourself.  Please carefully read this Release and the Settlement Agreement.

**12.   WHAT HAPPENS IF I DO NOTHING?**

If you are a Settlement Class Member and do nothing, you will receive no money or credit from this Settlement.  Also, if you otherwise fall within the definition of the Settlement Class (see Answer #5) and do not request to exclude yourself from the Settlement Class, you will still be bound by the Release and will not be able to start or continue with a lawsuit or participate in a lawsuit against Defendants about the legal issues that were or could have been raised in this case ever again.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.   HOW DO I GET OUT OF THE SETTLEMENT?**

If you otherwise fall within the definition of the Settlement Class (see Answer #5) and do not request to exclude yourself, you are automatically a member of the Settlement Class.  If you do not wish to participate in the Settlement, however, you can exclude yourself, or "opt-out" of the Settlement Class.  This means you will receive no payment or credit as part of this Settlement.

You cannot ask to be excluded over the phone or via the internet.  To exclude yourself, you must mail a written request for exclusion to the Settlement Administrator that includes: (1) a statement requesting exclusion from the proposed Settlement, such as "I hereby request that I be excluded from the proposed Settlement Class in the Montoya Class Action"; (2) your name, your address, and the case name; and (3) your original signature.  Your written request for exclusion must be postmarked no later than _____ (the Exclusion Deadline") and mailed to [ADDRESS OF SETTLEMENT ADMINISTRATOR].  You may not seek to "opt out" of the Settlement on behalf of other members of the Settlement Class.

If you desire to opt out, you must take timely affirmative written action even if you have filed a separate action against any of the Defendants or are a putative class member in any other class action filed against any of the Defendants.  If you have a pending lawsuit please contact your

lawyer in that lawsuit immediately.  Remember, the Exclusion Deadline is
_____.

## 14.   WHAT IF I DO NOT OPT OUT OF THE SETTLEMENT?

If you otherwise fall within the definition of the Settlement Class (see Answer #5) and do not request to exclude yourself, you are a Settlement Class Member, shall be bound by all Orders and proceedings in this action, and will still be bound by the Release and will not be able to start or continue with a lawsuit or participate in a lawsuit against Defendants about the legal issues that were or could have been raised in this case, ever again.

## 15.   IF I EXCLUDE MYSELF, CAN I RECEIVE MONEY OR A CREDIT FROM THIS SETTLEMENT?

No.  If you request to exclude yourself from the Settlement, do not send in a Claim Form to ask for any money or a credit.  But, you may sue or continue to sue Defendants individually, or you would be allowed to be part of a different lawsuit against Defendants.

### OBJECTING TO THE SETTLEMENT

## 16.   HOW CAN I OBJECT TO THE SETTLEMENT?

If you otherwise fall within the definition of the Settlement Class (see Answer #5) and do not request to exclude yourself, you are Settlement Class Member and may object to or comment on all or part of the proposed Settlement.  To do so, you (or your attorney on your behalf) must submit a valid objection.

To be valid, your objection must be in writing, personally signed by you, and must include: (a) the case name and number; (b) your name, address, telephone number, and, if represented by counsel, their contact information; (c) the basis for your objection; and (d) a statement of whether you intend to appear at the Final Approval Hearing.

Your objection must be filed with the Clerk of Court, with copies mailed to all of the parties identified below, postmarked no later than _____:

| CLERK OF THE COURT | CLASS COUNSEL |
|---|---|
| Clerk of the United States District Court for the Southern District of Florida<br>400 North Miami<br>8th Floor<br>Miami, FL 33128 | Adam M. Moskowitz<br>Kozyak, Tropin, & Throckmorton, LLP<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, FL Florida 33134 |
| **COUNSEL FOR ASSURANT DEFENDANTS** | **COUNSEL FOR PNC** |
| Frank G. Burt<br>Carlton Fields Jorden Burt, P.A.<br>1025 Thomas Jefferson St., NW<br>Suite 400 East<br>Washington DC, 20007-5208 | Jack B. Cobetto, Esq.<br>Reed Smith LLP<br>Reed Smith Centre<br>225 Fifth Avenue, Suite 1200<br>Pittsburgh, PA 15222 |

## THE LAWYERS REPRESENTING YOU

**17.    DO I HAVE A LAWYER IN THIS CASE?**

The Court appointed the following lawyers to represent all Settlement Class Members.  Together, these lawyers are called Class Counsel.  You will not be charged any money to pay for these lawyers.

| | | |
|---|---|---|
| Adam M. Moskowitz<br>amm@kttlaw.com<br>Kozyak Tropin &<br>Throckmorton, LLP<br>2525 Ponce de Leon Blvd.,<br>9th Floor<br>Coral Gables, FL Florida<br>33134<br>Telephone: (305) 372-1800<br>Facsimile: (305) 372-3508 | Aaron S. Podhurst<br>apodhurst@podhurst.com<br>Podhurst Orseck, P .A.<br>City National Bank Building<br>25 West Flagler Street,<br>Suite 800<br>Miami, FL 33130<br>Telephone: 305-358-2800<br>Facsimile: 305-358-2382 | Lance A. Harke<br>lharke@harkeclasby.com<br>Harke Clasby & Bushman LLP<br>9699 NE Second Ave.<br>Miami Shores, FL 33138<br>Telephone: (305) 536-8220<br>Facsimile: (305) 536-8229 |

**18.    HOW WILL THE CLASS COUNSEL LAWYERS BE PAID?**

Class Counsel will ask the Court for attorneys' fees and expenses up to $4,750,000, and a case contribution award of $5,000 paid to Named Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey for their time and effort undertaken in the matter. The Court may award less than these amounts.

Defendants will separately pay the fees and expenses, and the case contribution awards that the Court awards, up to maximums of $4,750,000 in fees and expenses and $5,000 to Named Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey each respectively. These amounts will not reduce the amount of any cash awards or credits to Settlement Class Members. Defendants have agreed not to oppose the applications by Class Counsel for attorneys' fees and expenses or the case contribution award to Plaintiffs.

## THE COURT'S FINAL APPROVAL HEARING

**19.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Final Approval Hearing at __ :00 .m. on _____, in Courtroom 3, on the 11th Floor of the James Lawrence King Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are valid and timely objections, the Court will consider them.

Judge Goodman may listen to people who have properly asked to speak at the hearing beforehand, and in writing.  After the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

101076819.1

**20.    AS A SETTLEMENT CLASS MEMBER, MAY I SPEAK AT THE HEARING?**

You cannot speak at the hearing if you have excluded yourself from the Settlement.   However, if you are a Settlement Class Member, you may ask the Court for permission for you or your attorney to speak at the Final Approval Hearing.  To do so, you must file with the Clerk of the Court and serve on all counsel for the parties (at the addresses identified above in Answer #16) a notice of intention to appear at the Final Approval Hearing.  The notice of intention to appear must include the case name and number; your name, address, telephone number, and signature, and, if represented by counsel, their contact information; and copies of any papers, exhibits, or other evidence that you intend to present to the Court in connection with the Final Approval Hearing. The notice of intention to appear must be filed with the Clerk of Court and served on all counsel no later than _____, 201_.

If you do not file a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and this Notice, you will not be entitled to appear at the Final Approval Hearing to raise any objections.

## GETTING MORE INFORMATION

**21.    WHERE CAN I GET MORE DETAILS ABOUT THE SETTLEMENT?**

This notice summarizes the lawsuit.  More details are in the Settlement Agreement, which is available through the Settlement Website at www.MontoyaSettlementInfo.com.  You may also contact Class Counsel, as identified above.

In addition, you may call 1-XXX-XXX-XXXX toll free, or visit the Settlement Website, to find answers to common questions about the Settlement, a Claim Form, and other information to help you determine whether you are eligible for relief from this Settlement.

Date:   _____

## PLEASE DO NOT CALL THE COURT. PLEASE ALSO DO NOT CALL OR SEND CORRESPONDENCE PERSONALLY TO JUDGE GOODMAN OR HIS STAFF.

101076819.1

**Exhibit B**

# Instructions for CLASS ACTION CLAIM FORM

**Important Information About
Making a Claim for Settlement Relief**

| I. | HOW TO MAKE A CLAIM FOR SETTLEMENT RELIEF |
|---|---|

a.   <u>Eligibility for Relief</u>

If you were charged and still owe, or if you paid, PNC Bank, N.A. National City Mortgage Company, National City Insurance Group, Inc., Allinco, Inc. or Alpine Indemnity Limited (collectively "PNC" or "the PNC Defendants"),[1] during the period January 1, 2008 through _____, 2015, for a hazard, flood, flood gap or wind-only Lender-Placed Insurance ("LPI") policy issued by American Security Insurance Company ("ASIC"), Voyager Indemnity Insurance Company ("VIIC"), or Standard Guaranty Insurance Company ("SGIC") (collectively "the Assurant Defendants"), or another insurer for your Residential property, you may be entitled to an escrow account credit or payment in the amount of 12.5% of the Net Premium for that LPI policy ("Settlement Relief").

b.   <u>How to Make a Claim for Settlement Relief</u>

If you are a Settlement Class Member and wish to make a claim for Settlement Relief, you ***must*** complete the enclosed Class Action Claim Form ("Claim Form"), under penalty of perjury, and mail it to *Montoya v. PNC Bank, N.A. et al.*, c/o _____, P.O. Box _____, _____, ___ _____--____, with a postmark of no later than 60 days after the Final Settlement Date (as defined in the Settlement Agreement),[2] or, if a private mail carrier is used, a label reflecting that the mail date is no later than 60 days after the Final Settlement Date. You may also complete and submit a Claim Form on the Settlement Website [www.MontoyaSettlementInfo.com]. If you are seeking a cash payment, however, you must separately upload the required verification documents to the Settlement Website pursuant to the instructions on the Website no later than the Claim Deadline. The Court has scheduled a Final Approval Hearing for _____. If the Court approves the Settlement and enters

---

[1]  PNC Bank, N.A. and Alpine Indemnity Limited are collectively referred to herein as "PNC" or "the PNC Defendants". Additionally, when "PNC" is referenced herein in connection with conduct predating the acquisition of National City Corporation by The PNC Financial Services Group, Inc., "PNC" means National City Mortgage Company or any of its relevant affiliates.

[2]  The Final Settlement Date is the date on which the judgment in this case ("Judgment") becomes Final. If no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired. If any appeal has been taken from the Judgment, the Final Settlement Date means the date on which all appeals have been finally disposed of in a manner that affirms the Judgment.

1

Judgment on the date of the Final Approval Hearing and no appeal is filed, the deadline for submitting Claims will be _____. If you fail to submit your Claim Form as required by these Instructions, you will not be able to obtain a settlement credit or payment.

c.    How to Answer Question 1 and Question 2 on the Claim Form To
      Determine What Settlement Relief, If Any, You Are Eligible For

You may only check the "Yes" box to Question 2 (whether you were charged by PNC and paid the LPI premium), which may make you eligible for a cash payment, if you made at least one full monthly mortgage payment after either: (a) your existing escrow account was adjusted to charge the premium for the LPI Policy; or (b) an escrow account was created for you by PNC to charge the premium for the LPI Policy.

If you were charged by PNC and still owe the premium for your LPI Policy, but did not make one full monthly mortgage payment in the manner described above, you must check the "No" box to Question 2, but may check the "Yes" box to Question 1 (whether you have been charged by PNC and still owe and have not paid the LPI premium). You may be eligible for a reduction of what you currently owe PNC in the amount of 12.5% of the Net Premium of the LPI Policy.

If you were charged by PNC for LPI, did not make one full monthly payment in the manner described above, and do not owe PNC for the premium for your LPI, you may not submit a Claim Form.

d.    Affirmations and Verification of Your Claim

For those Settlement Class Members who have been charged by PNC for LPI, and still owe and have not paid that premium, your Claim Form must be completely filled out, signed and affirmed under penalties of perjury to receive a credit to your PNC escrow account in the amount of Settlement Relief. However, for those Settlement Class Members who paid all or a portion of the LPI premium charged to their PNC escrow accounts, in addition to completely filling out, signing and affirming the information in the Claim Form under penalties of perjury, in order to receive a payment of Settlement Relief, the Settlement Class Member's identity must further be verified using one of the four alternative methods of verification explained in the Claim Form.

e.    Review of Your Claim

Once you return your completed Claim Form, your claim will be reviewed by the Settlement Administrator. Subject to the audit of claims, if your Claim Form is properly completed, affirmed, and where appropriate verified, and the Settlement Administrator determines that your claim is valid, you will receive your Settlement Relief, subject to final approval by the Court.

f.    Audit of Claim Forms

The Claim Form directs you to complete Sections 1 and/or 2 of the Claim Form depending on your answer to the initial two Questions. PNC may separately audit or review Claim Forms submitted by Settlement Class Members. Any such audit may include a review of banking or real property records pertaining to the Settlement Class Member(s) and any property insured by the LPI policy, and a computerized search for any bankruptcy filings in United States District

2

Bankruptcy Court pertaining to the Settlement Class Member(s), or any deficiency judgment entered against the Settlement Class Member(s) in any state Court.

SETTLEMENT CLASS MEMBERS ARE CAUTIONED TO NOT SUBMIT FRAUDULENT CLAIMS AS ALL CLAIMS ARE SUBJECT TO AUDIT BY THE CLAIMS ADMINISTRATOR.

| II. | IF YOU NEED FURTHER INFORMATION |
|---|---|

If you have any questions or would like further information about the terms of the settlement, your eligibility for Settlement Relief under the Settlement Agreement, or how to make a claim for settlement relief, you may visit www.MontoyaSettlementInfo.com, call us toll-free at 1-800-xxx-xxxx, or write to: _____, _____, _____, _____, _____ XXXXX.

3

EXHIBIT C

# CLASS ACTION CLAIM FORM

PLEASE FULLY COMPLETE THIS CLAIM FORM AND SIGN IT BELOW. INCOMPLETE CLAIM FORMS WILL BE DEEMED INVALID AND THE CLAIM MAY BE DENIED.

IF MORE THAN ONE PERSON IS NAMED AS AN ADDITIONAL INSURED OR INSURED ON THE POLICY(S), THEN ALL NAMED ADDITIONAL INSUREDS OR INSUREDS MUST COMPLETE AND SIGN THIS CLAIM FORM.

**TO BE COMPLETED BY YOU:**

1. Claimant(s)' Name(s) _____

2. Claimant(s)' Current Address
   (if different from the address
   on the envelope enclosing
   this Claim Form) _____

3. State in which property securing
   loan is located _____

4. Claimant(s)' Date(s) of Birth _____

5. Claimant(s)' Home Telephone Number _____

6. Claimant(s)' Social Security Number(s) _____
   (Last four digits only)

CERTAIN CLAIMS ARE SUBJECT TO AUDIT AS DESCRIBED IN THE INSTRUCTIONS. CLAIMANTS ARE CAUTIONED NOT TO SUBMIT FRAUDULENT CLAIMS AS ALL CLAIMS ARE SUBJECT TO AUDIT BY THE CLAIMS ADMINISTRATOR.

PLEASE BE ADVISED THAT YOU SHOULD NOT ANSWER "YES" OR "NO" TO BOTH QUESTIONS. FOR EXAMPLE IF YOU ANSWERED "YES" TO QUESTION NO. 2 INDICATING THAT YOU PAID ALL OR A PORTION OF THE PREMIUM THEN YOU SHOULD MARK AS "NO" AS TO QUESTION NO. 1.

4

If you ONLY answered "Yes" to **Question 1**, complete Section 1 below of this Claim Form **only** and follow the instructions to mail in the Claim Form.

If you ONLY answered "Yes" to **Question 2**, please complete Sections 1 and 2 below, sign the form, and provide **ONE** of the following:

(1)    The signature of a witness who is 18 or older, **OR**

(2)    A copy of a valid form of identification that contains a signature and photograph of the Claimant(s), **OR**

(3)    A copy of a PNC mortgage statement issued to Claimant(s), **OR**

(4)    A completed notary verification which is provided with this Claim Form.

**<u>YOU ONLY NEED TO PROVIDE ONE</u>**
**<u>OF THE ABOVE FORMS OF PROOF OF IDENTITY</u>**

**QUESTION 1.**    **HAVE YOU BEEN CHARGED BY PNC FOR, AND <u>STILL OWE</u> AND <u>HAVE NOT PAID,</u> THE PREMIUM ON A HAZARD, FLOOD, FLOOD GAP OR WIND-ONLY LENDER-PLACED INSURANCE POLICY COVERING YOUR RESIDENTIAL PROPERTY.**

☐  **Yes**    ☐  **No**

**QUESTION 2.**    **HAVE YOU BEEN CHARGED BY PNC FOR <u>AND PAID</u> ALL OR A PORTION OF THE PREMIUM ON A HAZARD, FLOOD, FLOOD GAP OR WIND-ONLY LENDER-PLACED INSURANCE POLICY COVERING YOUR RESIDENTIAL PROPERTY.**

☐  **Yes**    ☐  **No**

362162.2
101076831.1

## __Section 1__

(1)    **During the time period described on the Instructions for this Claim Form, I was listed as an additional named insured or an insured under a lender-placed hazard, flood, flood gap or wind-only insurance policy issued by American Security Insurance Company, Voyager Indemnity Insurance Company, Standard Guaranty Insurance Company or another insurance company, insuring improvements to real property (an "LPI Policy");**

(2)    **I was charged an LPI Policy premium by PNC;**

(3)    **The cost of the LPI Policy was not canceled out in full after issuance; and**

(4)    **Since the issuance of the LPI Policy, I have not filed a Petition under Chapter 7 of the United States Bankruptcy Code, and my indebtedness on my residence secured by my security instrument has not been compromised or discharged in bankruptcy.**

    **I hereby declare (or certify, verify, or state) under penalty of perjury that the information provided by me on this Claim Form is true and correct.**

**Date:** _____

_____        _____
**(Signature of Claimant)**          Last Four Digits of Social Security No.

_____        _____
**(Signature of Co-Claimant)**       Last Four Digits of Social Security No.

**Please MAIL THIS CLAIM FORM to the *Montoya Settlement Center*, P.O. Box \_\_\_\_, _____, \_\_\_\_ \_\_\_\_\_-\_\_\_\_, with a postmark of no later than _____, or, if a private mail carrier is used, a label reflecting that the mail date is no later than _____.**

362162.2
101076831.1

## **Section 2**

## **VERIFICATION OF IDENTITY OF CLAIMANT**

For Claimant(s) answering "Yes" to Question 2 above, in order to submit a valid Claim, you must in addition to making the verifications set forth in Section 1 above, confirm your identity through one of the following methods:

(1)     The signature of a witness who is 18 or older verifying that they have witnessed the Claimant(s) execute the Claim Form, and this witness verification shall include the following: "I verify under penalty of perjury that I witnessed the signing of this Claim Form by the Claimant(s) and the foregoing is true and correct," or

(2)     Provide a copy of a valid form of identification that contains a signature and photograph of the Claimant(s), or

(3)     Provide a copy of a PNC mortgage statement issued to Claimant(s), or

(4)     Provide a completed notary verification that the Claimant(s) executed the Claim form making the required affirmations under oath in the presence of the notary, and bearing evidence of the notarial authority in compliance with the law of the state in which it is being executed (e.g., a seal, etc.).

**You must provide only one of the above.  Forms for verifying your identity using Options 1 and 4 above, appear on the following pages.  If you provide a witness signature, a mortgage statement, OR a photographic identification with a signature, you do not need to provide a notary verification**

7

**Option 1**

## **Witness Verification**

  I witnessed the Claimant execute the foregoing Claim Form, and affirm and verify under penalty of perjury that the foregoing is true and correct:

_____     Date: _____
(Signature of Witness)

_____
(Address of Witness)

_____

_____

Phone: _____ - _____-_____

8

**Option 4**

## <u>Notary Verification</u>

STATE OF _____)

                         SS

COUNTY OF_____)

      BEFORE ME, the undersigned authority, personally appeared
_____, who after having
been duly sworn, state(s) that the foregoing affirmation and statement is true
and correct.  He/she personally appeared before me, is/are personally known
to me or produced _____ as
identification, and did take an oath.

Notary: _____

             (Signature)

Print Name: _____    [NOTARY SEAL]

Notary Public, State of _____

My commission expires: _____

9

362162.2
101076831.1

<u>**EXHIBIT D**</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:14-cv-20474-GOODMAN**

**[CONSENT CASE]**

ENRIQUE MONTOYA, NEYSER
COLONIA, XI CHEN LAUREN, and
MARK STUCKEY, on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.

PNC BANK, N.A., ALPINE
INDEMNITY LIMITED, AMERICAN
SECURITY INSURANCE COMPANY,
STANDARD GUARANTY INSURANCE
COMPANY, and VOYAGER INDEMNITY
INSURANCE COMPANY,

      Defendants.

_____/

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT**
**PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND**
**<u>SCHEDULING A FINAL APPROVAL HEARING</u>**

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of

Class Action Settlement (the "Motion"), including the parties' Stipulation and Settlement

Agreement (the "Settlement Agreement") and all exhibits thereto, and having been fully

advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as

follows:

    1.    **Settlement**.  Plaintiffs and Defendants PNC Bank, N.A. and Alpine

Indemnity Limited (collectively "PNC" or the "PNC Defendants") and Defendants

American Security Insurance Company ("ASIC"), Standard Guaranty Insurance Company ("SGIC"), and Voyager Indemnity Insurance Company ("VIIC") (collectively the "Assurant Defendants") (the PNC Defendants and the Assurant Defendants are referred to hereinafter collectively as the "Defendants") have negotiated a potential settlement of this action (the "Montoya Litigation" or the "Action") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined herein and in the Settlement Agreement) against (a)  Defendants, and National City Mortgage Company, National City Insurance Group, Inc., Allinco, Inc., David P. Huttenlocher, Assurant, Inc., and each of their respective past or present, direct or indirect, Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (b) any other insurance carriers that issued or may have issued LPI for PNC insuring real property owned by any Settlement Class Member; and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2.     **Review.**  At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness."  4 Newberg on Class Actions §11.26 (4th ed. 2010).  "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010).  Settlement negotiations that

involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation,* Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted). The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement. When "PNC" is referenced herein in connection with conduct predating the acquisition of National City Corporation by The PNC Financial Services Group, Inc., "PNC" means National City Mortgage Company or any of its relevant affiliates.

      3.    **Preliminary Approval**. The Court hereby preliminarily approves the Settlement entered into by the Parties, and the exhibits appended to the Motion. The Court finds that the Settlement was of informed, good-faith, arms'-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

101076847.1

4.     **Settlement Class Relief**. The proposed Settlement Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of:

(a) All borrowers in the United States who, within the Settlement Class Period (as defined in Paragraph 4(b) below), were charged by PNC under a hazard, flood, flood gap or wind-only LPI Policy for Residential property, and who, within the Settlement Class Period, either (i) paid to PNC the Net Premium for that LPI Policy or (ii) did not pay to and still owe PNC the Net Premium for that LPI Policy. Excluded from the Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of the Defendants in the Action or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was canceled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or to the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

(b) The Settlement Class Period shall commence on January 1, 2008 and shall continue through and including the date of this Preliminary Approval Order.

5.     **Preliminary Certification of Settlement Class.** The Court makes the following preliminary determinations, for purposes of a settlement class only under Fed. R. Civ. P. 23(e), as to certification of the Settlement Class:

(a)     The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)     The Settlement Class is so numerous that joinder of all members is impracticable;

(c)     There are questions of law or fact common to the members of the Settlement Class;

(d)     The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

101076847.1

(e)     Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f)     For purposes of settlement, in which there will be no trial and the Court is not presented with trial manageability issues, common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g)     The Settlement Class is ascertainable; and

(h)     Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6.     **Designation of Class Representative**. Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey are designated as representatives of the Settlement Class for the sole purpose of seeking a settlement of the Montoya Litigation.

7.     **Designation of Class Counsel**. The law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP, are hereby designated as Class Counsel for the Settlement Class.

8.     **Final Approval Hearing**. A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at     :00          ____.m. on _____, 2015 in _____ before the Honorable Jonathan Goodman, to determine, among other things:  (i) whether the Settlement of the Montoya Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Montoya Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be

5

bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members, or any persons who would otherwise fall within the definition of the Settlement Class but who exclude themselves from the Settlement, to pursue any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Case Contribution Award To Plaintiffs, should be approved.

9.   **Class Notice**.

(a)    The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit A to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 6 of the Settlement Agreement.  The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Settlement Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Settlement Class of their right to exclude themselves from the proposed Settlement Class, and to apprise Settlement Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing.  The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b)     The Mail Notice shall be mailed not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement. The Mail Notice shall include the Claim Instructions (attached as Exhibit B to the Settlement Agreement) and Claim Form (attached as Exhibit C to the Settlement Agreement).

(c)     No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") which shall contain copies of the Settling Agreement and Exhibits and the Mail Notice. The Settlement Website shall also contain Claim Form Instructions and a Claim Form which may be downloaded or printed from the Settlement Website. Settlement Class Members may complete, sign and upload a Claim Form to the Settlement Website, provided that for those Claims requiring verification documents, scanned copies of those verification documents are uploaded to the Settlement Website with the appropriate Claim number to associate the upload with the Claim. In addition, the Settlement Website shall allow for the option of completing Claim Forms online within the Settlement Website, utilizing an esignature format. However, when the Claim Form is completed online, the Settlement Class Member must separately upload the required verification documents to the Settlement Website pursuant to the instructions on the Settlement Website no later than the Claim Deadline. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.MontoyaSettlementInfo.com. The Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief.

(d)     Not less than forty-five (45) days before the date set by the Court for the Final Approval Hearing regarding this Settlement, the Settlement Administrator shall have caused the summary notice provided for in Section 6.3 of the Settlement Agreement to have been published and shall have made arrangements for the internet advertising provided for in Section 6.4 of the Settlement Agreement.

(e)     The Settlement Administrator shall establish a toll-free interactive voice response ("IVR") phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form.  The phone number shall remain open and accessible through the Claim Deadline.  The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by potential Settlement Class Members concerning the Action and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries; *provided however*, the Administrator shall review the recorded messages before providing them to Class Counsel, and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Administrator shall handle such administrative request(s), but the Administrator shall provide all other messages to Class Counsel for any further response to the Settlement Class Member.

(f)     No later than 10 days prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice, proof of publication of the summary notice, proof of internet advertising, proof of establishment of the Settlement Website, and proof of the establishment of the toll-free IVR phone number required under Paragraphs 9(a)-(e) above.

101076847.1

10.     **Administrators**.  The Court authorizes and directs Defendants to retain one or more Administrators to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to (i) mail the Mail Notice, (ii) establish the IVR phone line system, (iii) establish the Settlement Website, (iv) receive and process settlement claims, and (v) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11.     **Exclusion from the Settlement Class.**  Any person who would otherwise fall within the definition of the Settlement Class who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website.  Any such Request for Exclusion must be postmarked no later than thirty (30) days before the Final Approval Hearing.

(a)     To be valid, the Request for Exclusion must:  (a) identify the case name and number; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Montoya Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Montoya Class Action."  Mass or class opt outs shall not be allowed.

(b)     A person who would otherwise fall within the definition of the Settlement Class who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the person desiring to opt out of the Settlement Class (a) files or has filed a separate action against any of the Released

Persons, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c)     Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

(d)     If more than 5 percent (5%) of the total number of persons who would otherwise fall within the definition of the Settlement Class properly and timely exercise their right to opt out of the Settlement Class, the Parties stipulate and agree that Defendants shall have the right to terminate this Agreement without penalty or sanction.

(e)     If the proposed settlement is approved, Settlement Class Members shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendants relating to any of the Released Claims to Settlement Agreement.

12.     **Objections and Appearances**.  Settlement Class Members who comply with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement no later than thirty (30) days before the Final Approval Hearing:

10

**For Plaintiff and Settlement Class**
Adam M. Moskowitz
Kozyak, Tropin, & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL  33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508


**For the PNC Defendants**

Jack B. Cobetto, Esq.
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3132
Facsimile: (412) 288-3063

**For the Assurant Defendants**

Frank G. Burt
Carlton Fields Jorden Burt, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington DC 20007-5208
Telephone: (202) 965-8140
Facsimile: (202) 965-8104


(a)     The requirements to assert a valid written objection shall be set forth

in the Class Notice and on the Settlement Website, and shall include:  (a) the case name and

number; (b) the name, address, telephone number of the Person objecting and, if

represented by counsel, of his/her counsel; (c) the basis for the objection; and (d) a

statement of whether he/she intends to appear at the Final Approval Hearing, either with or

without counsel;

(b)     Any Settlement Class Member who fails to object to the Settlement

in the manner described in the Class Notice and consistent with this Section shall be

deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c)     Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member:  (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.  Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

13.     **Releases.**  If the Settlement is Finally Approved, the Releasing Persons shall release the Released Persons from all Released Claims (the definitions of "Releasing

101076847.1

Persons," "Released Persons" and "Released Claims" set forth in Sections 2.41, 2.42, 2.43 and 10 of the Settlement Agreement are hereby adopted and incorporated by reference), including, *inter alia*, and without limitation, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning PNC's placement, or the Assurant Defendants' issuance, of LPI Policies during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for PNC's Placement of LPI Policies during the Settlement Class Period.

14.   **Attorneys' Fees and Expenses, and Case Contribution Awards**. Defendants agree not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $4,750,000.  Plaintiffs and Class Counsel agree not to seek an award of Attorneys' Fees and Expenses in the Action in an amount exceeding $4,750,000.  Defendants also agree not to oppose the application for a Case Contribution Award of $5,000 each for the Named Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey for their work and assistance in this Action. Plaintiffs and Class Counsel agree not to seek a Case Contribution Award in excess of $5,000 for each Named Plaintiff.

15.   **Preliminary Injunction.**  All Settlement Class Members are hereby preliminarily enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who request exclusion from the Settlement Class, into a separate class for purposes of

101076847.1

pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

16.     **Service of Papers.**  Defendants' Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendants' Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17.     **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders,

14

including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18.     **Use of Order Following Termination of Settlement**.  This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach,  liability, or appropriateness of contested class certification, or by or against any Plaintiff or the Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who request exclusion from the Settlement Class, that their claims lack merit or that the relief requested in the Fourth Amended Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19.     **Necessary Steps**.  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED in Chambers in Miami, Florida, this _____ day of _____, 2015.

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

cc:  All Counsel of Record

15

101076847.1

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:14-cv-20474-GOODMAN**

**[CONSENT CASE]**

ENRIQUE MONTOYA, NEYSER
COLONIA, XI CHEN LAUREN, and
MARK STUCKEY, on behalf of themselves
and all others similarly situated,

       Plaintiffs,

v.

PNC BANK, N.A., ALPINE
INDEMNITY LIMITED, AMERICAN
SECURITY INSURANCE COMPANY,
STANDARD GUARANTY INSURANCE
COMPANY, and VOYAGER INDEMNITY
INSURANCE COMPANY,

       Defendants.

_____/

**[PROPOSED] ORDER GRANTING FINAL APPROVAL TO**
**CLASS ACTION SETTLEMENT**

       On _____, 2015, this Court granted preliminary approval to the proposed class

action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement

Agreement") between Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark

Stuckey ("Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and

Defendants PNC Bank, N.A. and Alpine Indemnity Limited (collectively "PNC" or "the PNC

Defendants") and Defendants American Security Insurance Company ("ASIC"), Standard

Guaranty Insurance Company ("SGIC"), and Voyager Indemnity Insurance Company ("VIIC")

(collectively the "Assurant Defendants").  The Court also provisionally certified the Settlement

Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on _____. The Court finds that the Class Notice substantially in the form approved by the Court in its Preliminary Approval Order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On _____, the Court held a duly noticed Final Approval Hearing to consider:  (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiffs' Fourth Amended Complaint on the merits and with prejudice in favor of the Defendants and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel for the Settlement Class and whether and in what amount to award a Case Contribution Award to the Named Plaintiffs.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order.

2.      The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Montoya Litigation" or the "Action") and of the strengths and weaknesses of their respective positions.  Further, settlement occurred only after the parties prepared over a period of many weeks for a mediation conducted by Rodney Max, Esquire, who has conducted numerous mediations involving Lender Placed Insurance and is extremely familiar with the issues in these cases.  Counsel for the Parties

were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.  Unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3.      The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Named Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate for settlement purposes over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Fed. R. Civ. P. 23, this Court hereby Finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of the following:

(a)  All borrowers in the United States who, within the Settlement Class Period (as defined Paragraph 4(b) below), were charged by PNC under a hazard, flood, flood gap or wind-only LPI Policy for Residential property, and who, within the Settlement Class Period, either (i) paid to PNC the Net Premium for that LPI Policy or (ii) did not pay to and still owe PNC the Net Premium for that LPI Policy.  Excluded from the Settlement Class are:  (i) individuals who are or were during the Settlement Class Period officers or directors of the Defendants in the Action or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was canceled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or to the borrower's escrow

3

account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

(b)  The Settlement Class Period shall commence on January 1, 2008 and shall continue through and including _____, 20___.

5.      The Court finally appoints the law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP as Class Counsel for the Settlement Class.

6.      The Court finally designates Named Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey as the Class Representatives.

7.      The Court makes the following findings on notice to the Settlement Class:

(a)      The Court finds that the distribution of the Mail Notice, the Publication notice, the Internet advertising, the creation of the IVR toll-free telephone number system, and the creation of the Internet site, all as provided for in the Settlement Agreement and Preliminary Approval Order, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Settlement Class of their right to exclude themselves from the proposed Settlement, and to apprise Settlement Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)      The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order (i) constitute the

most effective and practicable notice of the Final Order, the relief available to Settlement Class

Members pursuant to the Final Order, and applicable time periods; (ii) constitute due, adequate,

and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully

with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court,

and any other applicable law.

8.      The Settlement Agreement is finally approved as fair, reasonable and adequate

pursuant to Fed. R. Civ. P. 23(e).  The terms and provisions of the Settlement Agreement,

including all exhibits thereto, have been entered into in good faith and are hereby fully and finally

approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and

the Settlement Class Members.

9.      The Parties are hereby directed to implement and consummate the Settlement

Agreement according to its terms and provisions.

10.      Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel for the

Settlement Class Attorneys' Fees and Expenses in the amount of \$_____ payable

pursuant to the terms of the Settlement Agreement.  The Court also awards Case Contribution

Awards in the amount of \$_____ each to Named Plaintiffs Enrique Montoya, Neyser Colonia, Xi

Chen Lauren, and Mark Stuckey payable pursuant to the terms of the Settlement Agreement.

11.      The terms of the Settlement Agreement and of this Final Order, including all

exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the

Named Plaintiffs and all other Settlement Class Members, as well as their family members, heirs,

guardians, assigns, executors,  administrators, predecessors, successors, and assigns.

12.      The Releases, which are set forth in Section 10 of the Settlement Agreement and

which are also set forth below, are expressly incorporated herein in all respects and are effective

5

as of the date of this Final Order; and the Released Persons (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a)     <u>Release and Waiver Definitions</u>

(i)     "PNC" or the "PNC Defendants" means PNC Bank, N.A. and Alpine Indemnity Limited.  Additionally, when "PNC" is referenced herein in connection with conduct predating the acquisition of National City Corporation by The PNC Financial Services Group, Inc., "PNC" means National City Mortgage Company or any of its relevant affiliates.

(ii)     "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

(iii)     "Assurant Defendants" means ASIC, SGIC, and VIIC.

(iv)     "Defendants" means all named defendants in the Montoya Litigation, including the PNC Defendants and the Assurant Defendants.

(v)     "Lender-Placed Insurance" or "LPI" means the placement of hazard, flood, flood gap, or wind-only insurance pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by PNC Mortgage, a Division of PNC Bank, National Association, or by National City Mortgage Company, to cover a borrower's failure to maintain the required insurance coverage on the Residential property securing the loan.

(vi)     "LPI Policy" means a lender-placed Residential hazard, flood, flood gap, or wind-only insurance policy and such insurance coverage placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by PNC Mortgage, a Division of PNC Bank, National Association, or by National City Mortgage

6

Company, to cover a borrower's failure to maintain the required insurance coverage on the Residential property securing the loan.

(vii) "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons.

(viii) "Released Claims" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to this Final Order and Judgment and defined Section 10 of the Settlement Agreement (which definition is hereby incorporated by reference).

(ix) "Released Persons" means, only with respect to Released Claims: (a) Defendants, and National City Mortgage Company, National City Insurance Group, Inc., Allinco, Inc., David P. Huttenlocher, Assurant, Inc., and each of their respective past or present, direct or indirect, Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (b) any other insurance carriers that issued or may have issued LPI for PNC insuring real property owned by any Settlement Class Member; and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

(xi) "Releasing Persons" means Named Plaintiffs, all Settlement Class Members, and their respective family members, heirs, administrators, successors, and assigns.

(b)     Released Claims.  Each Releasing Person shall, by operation of the Final Order, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Settlement Class Member may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning PNC's placement, or the Assurant Defendants' issuance, of LPI Policies during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for PNC's Placement of LPI Policies during the Settlement Class Period.  In agreeing to this Release, Named Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

(i)     The Release stated in Paragraph 12(b) above shall include, but not be limited to, all claims related to any LPI placement regardless of whether the LPI Policy was entirely or partially canceled; all claims related to PNC's insurance requirements; the relationship, whether contractual or otherwise, between the PNC Defendants and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating,"

8

or alleged excessiveness of any LPI Policies placed or charged by PNC; the payment or receipt of commissions, income or benefits relating to reinsurance agreements, expense reimbursements, alleged "kickbacks," or any other compensation under any LPI Policies placed or charged by PNC; any alleged "tying" arrangement involving PNC and LPI; any alleged breach of contract, breach of an implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, or any other alleged breach of any common law duty or obligation or any alleged violation of any federal or state statute or regulation, by PNC concerning LPI Policies; any alleged tortious interference by the Assurant Defendants with mortgage loans serviced by PNC; the disclosure or non-disclosure of any payment, expenses, fees, charges, or features pertaining to or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by PNC; the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by PNC; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by PNC; and to the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by PNC.

(ii)     The Release in Paragraph 12(b) above shall not cover claims arising after the close of the Settlement Class Period, nor insurance claims for losses relating to properties insured under any LPI Policy placed or charged for by PNC.  Nothing in Section 12(b) shall be deemed a release of any Settlement Class Member's respective rights and obligations arising under this Agreement.  Further, nothing in Section 12(b) or any other provision of the Stipulation and Settlement Agreement shall be deemed a release of any claims by borrowers who were charged for LPI that was purchased or placed by mortgage servicers other than the PNC Defendants.

9

(iii)    Except to the extent that any such obligation is being released pursuant to Paragraph 12(b) above, this Final Order shall not be deemed a release of Defendants from any existing obligation to any Settlement Class Member under any loan, note, mortgage, or deed of trust.  This provision is not meant to and does not limit the Releases in this Final Order or in the Settlement Agreement.

(c)    The Named Plaintiffs and Class Counsel have represented that there are no outstanding liens or claims against the Montoya Litigation, it being recognized that the Named Plaintiffs will solely be charged with the responsibility to satisfy any other liens or claims asserted against the Montoya Litigation.

(d)    Without in any way limiting their scope, the Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, the Named Plaintiffs, or any Settlement Class Members in connection with or related in any manner to the Montoya Litigation, the settlement of the Montoya Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Settlement Agreement.

(e)    In connection with the foregoing Releases, the Named Plaintiffs and each Settlement Class Member expressly waive, and shall be deemed to have waived to the fullest extent permitted by law, any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

10

To the extent that anyone might argue that these principles of law are applicable - notwithstanding that the Parties have chosen Florida law to govern this Settlement Agreement - the Named Plaintiffs hereby agree, and each Settlement Class Member will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released.  The Named Plaintiffs recognize, and each Settlement Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Order, they fully, finally, and forever settle and release any and all claims covered by the Releases.

(f)     The Releases were bargained for and are a material element of the Settlement Agreement.

(g)     The Releases do not affect the rights of persons who would otherwise fall within the definition of the Settlement Class who timely and properly submitted a Request for Exclusion from the Settlement Class in accordance with the requirements of the Preliminary Approval Order and in Section 11 of the Settlement Agreement.

(h)     The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court.

(i)     The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, and the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(j)     The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.  The

11

101076863.1

Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

13.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order, nor any of its terms and provisions, nor the Final Judgment to be entered pursuant to this Final Order, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against the Defendants as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendants of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Montoya Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

(b)     offered by any person or received against the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants or any other wrongdoing by the Defendants;

(c)     offered by any person or received against the Defendants as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d)     offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever,

other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or the Final Order, or the Final Judgment to be entered pursuant to this Final Order.

14.     This Final Order, the Final Judgment to be entered pursuant to this Final Order, and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

16.     This Final Order, and the Final Judgment to be entered pursuant to this Final Order, shall be effective upon entry.  In the event that the Final Order and the Final Judgment to be entered pursuant to this Final Order are reversed or vacated pursuant to a direct appeal in this Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

17.     A Final Judgment substantially in the form attached hereto as Exhibit E-1 will be entered forthwith.

DONE and ORDERED in Chambers in Miami, Florida, this _____ day of _____, 2015

_____
JONATHAN GOODMAN
UNITED STATES MAGISTRATE JUDGE

13

<u>EXHIBIT E-1</u>

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:14-cv-20474-GOODMAN

### [CONSENT CASE]

ENRIQUE MONTOYA, NEYSER
COLONIA, XI CHEN LAUREN,
and MARK STUCKEY, on behalf of
themselves and all others similarly situated,

       Plaintiffs,

v.

PNC BANK, N.A., ALPINE
INDEMNITY LIMITED, AMERICAN
SECURITY INSURANCE COMPANY,
STANDARD GUARANTY INSURANCE
COMPANY, and VOYAGER INDEMNITY
INSURANCE COMPANY,

       Defendants.

_____/

### <u>FINAL JUDGMENT</u>

This action having settled pursuant to the Stipulation and Settlement Agreement (the

"Settlement Agreement") and the Court having entered an Order Granting Final Approval To

Class Action Settlement (the "Final Order"), IT IS HEREBY ORDERED, ADJUDGED AND

DECREED that:

1.    This action, including all individual claims and class claims presented herein, is

hereby dismissed on the merits and with prejudice against the Named Plaintiffs and all other

Settlement Class Members, without fees (including attorneys' fees) or costs to any party except as

otherwise provided in the Final Order.

101076871.1

a.    "Named Plaintiffs" means Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey.

b.    "Settlement Class Members" are members of the "Settlement Class," which consists of the following:

(i)  All borrowers in the United States who, within the Settlement Class Period (as defined in Paragraph 1(b)(ii) below), were charged by PNC under a hazard, flood, flood gap or wind-only LPI Policy for Residential property, and who, within the Settlement Class Period, either (i) paid to PNC the Net Premium for that LPI Policy or (ii) did not pay to and still owe PNC the Net Premium for that LPI Policy.  Excluded from the Settlement Class are:  (i) individuals who are or were during the Settlement Class Period officers or directors of the Defendants in the Action or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was canceled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or to the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

(ii)  The Settlement Class Period shall commence on January 1, 2008 and shall continue through and including _____, 20__.

c.    "PNC" or the "PNC Defendants"  means PNC Bank, N.A. and Alpine Indemnity Limited.  Additionally, when "PNC" is referenced herein in connection with conduct predating the acquisition of National City Corporation by The PNC Financial Services Group, Inc., "PNC" means National City Mortgage Company or any of its relevant affiliates.

d.    "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

e.    "Assurant Defendants" means American Security Insurance Company ("ASIC"), Standard Guaranty Insurance Company ("SGIC"), and Voyager Indemnity Insurance Company ("VIIC").

f.    "Lender-Placed Insurance" or "LPI" means the placement of hazard, flood, flood gap, or wind-only insurance pursuant to a mortgage loan agreement, home equity loan

101076871.1

agreement, or home equity line of credit serviced by PNC Mortgage, a Division of PNC Bank, National Association, or by National City Mortgage Company, to cover a borrower's failure to maintain the required insurance coverage on the Residential property securing the loan.

g.     "LPI Policy" means a lender-placed Residential hazard, flood, flood gap, or wind-only insurance policy and such insurance coverage placed pursuant to a mortgage loan agreement, home equity loan agreement, or home equity line of credit serviced by PNC Mortgage, a Division of PNC Bank, National Association, or by National City Mortgage Company, to cover a borrower's failure to maintain the required insurance coverage on the Residential property securing the loan.

h.     "Net Premium" means the amount of premium charged to a Settlement Class Member for an LPI Policy during the Settlement Class Period less any refund paid or credited to the Settlement Class Member.

2.     The Releasing Persons have released the Released Claims as against the Released Persons and are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members, or any persons who would otherwise fall within the definition of the Settlement Class but who excluded themselves from the Settlement, into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

101076871.1

a.    "Released Claims" means any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any kind whatsoever that each Settlement Class Member may have until the close of the Settlement Class Period or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation or that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning PNC's placement, or the Assurant Defendants' issuance, of LPI Policies during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for PNC's Placement of LPI Policies during the Settlement Class Period.  In agreeing to this Release, Named Plaintiffs explicitly acknowledge that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

b.    The Released Claims shall include, but not be limited to, all claims related to any LPI placement regardless of whether the LPI Policy was entirely or partially canceled; all claims related to PNC's insurance requirements; the relationship, whether contractual or otherwise, between the PNC Defendants and the Assurant Defendants regarding LPI, including, but not limited to, the procuring, underwriting, placement, insurance tracking, or costs of LPI Policies; the coverage amount, duration, issue date, alleged "backdating," or alleged excessiveness of any LPI Policies placed or charged by PNC; the payment or receipt of commissions, income or benefits relating to reinsurance agreements, expense reimbursements, alleged "kickbacks," or any

101076871.1

other compensation under any LPI Policies placed or charged by PNC; any alleged "tying" arrangement involving PNC and LPI; any alleged breach of contract, breach of an implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, or any other alleged breach of any common law duty or obligation or any alleged violation of any federal or state statute or regulation, by PNC concerning LPI Policies; any alleged tortious interference by the Assurant Defendants with mortgage loans serviced by PNC; the disclosure or non-disclosure of any payment, expenses, fees, charges, or features pertaining to or under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by PNC; the receipt or non-disclosure of any benefit under any LPI Policies or coverage under such LPI Policies and charges for such coverage placed or charged by PNC; the content, manner, or accuracy of any communications regarding the placement of any LPI Policies by PNC; and to the regulatory approval or non-approval of any LPI Policy, or the premium thereon, placed or charged by PNC.

      c.    "Released Persons" means, only with respect to Released Claims:  (a) Defendants, and National City Mortgage Company, National City Insurance Group, Inc., Allinco, Inc., David P. Huttenlocher, Assurant, Inc., and each of their respective past or present, direct or indirect, Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (b) any other insurance carriers that issued or may have issued LPI for PNC insuring real property owned by any Settlement Class Member; and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of

101076871.1

them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

       (d)     "Releasing Persons" means Named Plaintiffs, all Settlement Class Members, and their respective family members, heirs, administrators, successors, and assigns.

     3.     Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

     4.     Settlement Class Members shall promptly dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member in any jurisdiction and that have been released pursuant to the Settlement Agreement and Final Order and enjoined pursuant to this judgment.

     DONE and ORDERED in Chambers in Miami, Florida, this _____ day of

_____, 2015.

 

                                           _____

                                         JONATHAN GOODMAN
                                       UNITED STATES MAGISTRATE JUDGE