UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-20474-GOODMAN

[CONSENT CASE]

ENRIQUE MONTOYA, NEYSER
COLONIA, XI CHEN LAUREN, and
MARK STUCKEY, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.

PNC BANK, N.A., ALPINE
INDEMNITY LIMITED, AMERICAN
SECURITY INSURANCE COMPANY,
STANDARD GUARANTY INSURANCE
COMPANY, and VOYAGER INDEMNITY
INSURANCE COMPANY,

    Defendants.
_____/

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR
SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS
<u>NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING</u>**

Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement (the "Motion") [ECF No. 226] on June 17, 2015. Plaintiffs then moved [ECF No. 228] to file their Fourth Amended Complaint on July 3, 2015, which the Court granted [ECF No. 229]. On July 13, 2015, Defendants filed their Answer and Affirmative Defenses to the Amended Complaint. [ECF Nos. 235; 236]. No objections were filed to the Motion and

the time to file objections has passed. Accordingly, upon review and consideration of Plaintiffs' Motion, including the parties' Stipulation and Settlement Agreement (the "Settlement Agreement") and all exhibits thereto, and having been fully advised in the premises, it is **ORDERED** and **ADJUDGED** as follows:

1. **Settlement**. Plaintiffs and Defendants PNC Bank, N.A. and Alpine Indemnity Limited (collectively "PNC" or the "PNC Defendants") and Defendants American Security Insurance Company ("ASIC"), Standard Guaranty Insurance Company ("SGIC"), and Voyager Indemnity Insurance Company ("VIIC") (collectively the "Assurant Defendants") (the PNC Defendants and the Assurant Defendants are referred to hereinafter collectively as the "Defendants") have negotiated a potential settlement of this action (the "Montoya Litigation" or the "Action") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims (as defined herein and in the Settlement Agreement) against (a) Defendants, and National City Mortgage Company, National City Insurance Group, Inc., Allinco, Inc., David P. Huttenlocher, Assurant, Inc., and each of their respective past or present, direct or indirect, Affiliates, parent companies, subsidiaries, divisions, predecessors, successors, assigns, investors, and all past or present officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of any such entities or persons; (b) any other insurance carriers that issued or may have issued lender-placed insurance ("LPI") for PNC insuring real property owned by any Settlement Class Member; and (c) any trustee

of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2. **Review.** Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient use of judicial resources, and achieve the speedy resolution of justice[.]" *Turner v. Gen. Elec. Co.*, No. 2:05-CV-186-FTM-99DNF, 2006 WL 2620275, at *2 (M.D. Fla. Sept. 13, 2006). For these reasons, "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992).

"Approval of a class action settlement is a two-step process." *Fresco v. Auto Data Direct, Inc.*, No. 03-cv-61063, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). Preliminary approval is the first step, requiring the Court to "make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Id.* In the second step, after notice to the class and time and opportunity for absent class members to object or otherwise be heard, the court considers whether to grant final approval. *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. June 15, 2010).

The Court's duty at the present stage is to "lay the ground work for a future fairness hearing." *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 659 (E.D. Cal. 2008); *see also*

*Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 258 F.R.D. 545, 552-53 (N.D. Ga. 2007) (holding that "the Court is not endorsing any evidence or arguments that the parties will submit" and the "decision regarding the settlement class rests solely on the uncontested evidence presented by plaintiffs and the settling defendants.").

"Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, No. 09–60646–CIV, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.").

Applying this standard, Courts in this District have granted preliminary approval of substantially similar LPI settlements with similar facts in *Saccoccio v. JPMorgan Chase Bank, N.A.*, No. 13-cv-21107, *Fladell v. Wells Fargo Bank, N.A.*, No. 13-cv-60721, *Diaz v. HSBC Bank (USA), N.A.*, No. 13-cv-21104, *Hamilton v. SunTrust Mortgage, Inc.*, No. 13-cv-60749, *Hall v. Bank of America, N.A.*, No. 12-cv-22700, *Williams*

4

*v. Wells Fargo Bank, N.A.*, No. 11-cv-21233, and *Braynen v. Nationstar Mortgage LLC*, No. 14-cv-20726.[1]

The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement. When "PNC" is referenced herein in connection with conduct predating the acquisition of National City Corporation by The PNC Financial Services Group, Inc., "PNC" means National City Mortgage Company or any of its relevant affiliates.

3. **Preliminary Approval**. The Court hereby preliminarily approves the Settlement entered into by the Parties, and the exhibits appended to the Motion. The Court finds that the Settlement was of informed, good-faith, arms'-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits appended to the Motion, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the

---

[1] The Undersigned magistrate judge is presiding over the *Braynen* litigation with consent for full magistrate judge jurisdiction.

5

Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

4. **Settlement Class Relief**. The proposed Settlement Relief to the Settlement Class Members, as identified in Section 4 of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Class shall consist of:

(a) All borrowers in the United States who, within the Settlement Class Period (as defined in Paragraph 4(b) below), were charged by PNC under a hazard, flood, flood gap or wind-only LPI Policy-for Residential property, and who, within the Settlement Class Period, either (i) paid to PNC the Net Premium for that LPI Policy or (ii) did not pay to and still owe PNC the Net Premium for that LPI Policy. Excluded from the Settlement Class are: (i) individuals who are or were during the Settlement Class Period officers or directors of the Defendants in the Action or any of their respective Affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; (iii) borrowers who only had an LPI Policy that was canceled in its entirety such that any premiums charged and/or collected were fully refunded to the borrower or to the borrower's escrow account; and, (iv) all borrowers who file a timely and proper request to be excluded from the Settlement Class.

(b) The Settlement Class Period shall commence on January 1, 2008 and shall continue through and including the date of this Preliminary Approval Order.

5.      **Preliminary Certification of Settlement Class.**  The Court makes the following preliminary determinations, for purposes of a settlement class only under Fed. R. Civ. P. 23(e), as to certification of the Settlement Class:

(a)     The Court preliminarily certifies the Settlement Class for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

(b)     The Settlement Class is so numerous that joinder of all members is impracticable;

(c)     There are questions of law or fact common to the members of the Settlement Class;

(d)     The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

(e)     Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

(f)     For purposes of settlement, in which there will be no trial and the Court is not presented with trial manageability issues, common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

(g)     The Settlement Class is ascertainable; and

(h)     Resolution of the claims in this Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

6.     **Designation of Class Representative**.  Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey are designated as representatives of the Settlement Class for the sole purpose of seeking a settlement of the Montoya Litigation.

7.     **Designation of Class Counsel**.  The law firms of Kozyak, Tropin, & Throckmorton, P.A., Podhurst Orseck, P.A., and Harke Clasby & Bushman LLP, are hereby designated as Class Counsel for the Settlement Class.

8.     **Final Approval Hearing**.  A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at **10:00 AM** on **March 7, 2016** in the Miami Division before Magistrate Judge Jonathan Goodman, to determine, among other things:  (i) whether the Settlement of the Montoya Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Montoya Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members, or any persons who

would otherwise fall within the definition of the Settlement Class but who exclude themselves from the Settlement, to pursue any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and expenses, and the proposed Case Contribution Award To Plaintiffs, should be approved.

9. **Class Notice**.

(a) The Court approves the Class Notice in the Settlement Agreement, including the Mail Notice attached as Exhibit A to the Settlement Agreement and the manner of providing Mail Notice to Settlement Class Members described in Section 6 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Settlement Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Settlement Class of their right to exclude themselves from the proposed Settlement Class, and to apprise Settlement Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that Mail Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b) The Mail Notice shall be mailed **so as to be received** not less than **ninety (90) days** before the date set by the Court for a Final Approval Hearing regarding the Settlement. The Mail Notice shall include the Claim Instructions (attached as Exhibit B to the Settlement Agreement) and Claim Form (attached as Exhibit C to the Settlement Agreement).

(c) No later than the posting of the Mail Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website") which shall contain copies of the Settling Agreement and Exhibits and the Mail Notice. The Settlement Website shall also contain Claim Form Instructions and a Claim Form which may be downloaded or printed from the Settlement Website. Settlement Class Members may complete, sign and upload a Claim Form to the Settlement Website, provided that for those Claims requiring verification documents, scanned copies of those verification documents are uploaded to the Settlement Website with the appropriate Claim number to associate the upload with the Claim. In addition, the Settlement Website shall allow for the option of completing Claim Forms online within the Settlement Website, utilizing an e-signature format. However, when the Claim Form is completed online, the Settlement Class Member must separately upload the required verification documents to the Settlement Website pursuant to the instructions on the Settlement Website no later than the Claim Deadline. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as www.MontoyaSettlementInfo.com. The

Settlement Website shall remain open and accessible through the last day for Settlement Class Members to submit a Claim for Settlement Relief.

(d)     Not less than **forty-five (45) days** before the date set by the Court for the Final Approval Hearing regarding this Settlement, the Settlement Administrator shall have caused the summary notice provided for in Section 6.3 of the Settlement Agreement to have been published and shall have made arrangements for the internet advertising provided for in Section 6.4 of the Settlement Agreement.

(e)     The Settlement Administrator shall establish a toll-free interactive voice response ("IVR") phone number with script recordings of information about this Settlement, including information about the Claim Form, utilizing the relevant portions of the language contained in the Notice and Claim Form. The phone number shall remain open and accessible through the Claim Deadline. The Settlement Administrator shall make reasonable provision for Class Counsel to be promptly advised of recorded messages left on the phone number by potential Settlement Class Members concerning the Action and/or this Settlement, so that Class Counsel may timely and accurately respond to such inquiries; *provided however*, the Administrator shall review the recorded messages before providing them to Class Counsel, and if one or more of the messages requests a blank Claim Form or other similar administrative assistance only, then the Administrator shall handle such administrative request(s), but the Administrator shall

provide all other messages to Class Counsel for any further response to the Settlement Class Member.

(f) No later than **10 days** before to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice, proof of publication of the summary notice, proof of internet advertising, proof of establishment of the Settlement Website, and proof of the establishment of the toll-free IVR phone number required under Paragraphs 9(a)-(e) above.

10. **Administrators**. The Court authorizes and directs Defendants to retain one or more Administrators to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to (i) mail the Mail Notice, (ii) establish the IVR phone line system, (iii) establish the Settlement Website, (iv) receive and process settlement claims, and (v) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11. **Exclusion from the Settlement Class.** Any person who would otherwise fall within the definition of the Settlement Class who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than **thirty (30) days** before the Final Approval Hearing.

(a) To be valid, the Request for Exclusion must: (a) identify the case name and number; (b) identify the name and address of the person requesting exclusion; (c) be personally signed by the person requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Montoya Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Montoya Class Action." Mass or class opt outs shall not be allowed.

(b) A person who would otherwise fall within the definition of the Settlement Class who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the person desiring to opt out of the Settlement Class (a) files or has filed a separate action against any of the Released Persons, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c) Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

(d) If more than 5 percent (5%) of the total number of persons who would otherwise fall within the definition of the Settlement Class properly and timely exercise their right to opt out of the Settlement Class, the Parties stipulate and agree that Defendants shall have the right to terminate this Agreement without penalty or sanction.

(e) If the proposed settlement is approved, Settlement Class Members shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendants relating to any of the Released Claims to Settlement Agreement.

12. **Objections and Appearances**. Settlement Class Members who comply with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her or its own or through an attorney hired at his or her or its expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defendants' Counsel, at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement no later than thirty (30) days before the Final Approval Hearing:

> **For Plaintiff and Settlement Class**
> Adam M. Moskowitz
> Kozyak, Tropin, & Throckmorton, LLP
> 2525 Ponce de Leon Blvd., 9th Floor
> Coral Gables, FL 33134
> Telephone: (305) 372-1800
> Facsimile: (305) 372-3508

**For the PNC Defendants**
Jack B. Cobetto, Esq.
Reed Smith LLP
Reed Smith Centre
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 288-3132
Facsimile: (412) 288-3063


**For the Assurant Defendants**
Frank G. Burt
Carlton Fields Jorden Burt, P.A.
1025 Thomas Jefferson Street, NW
Suite 400 East
Washington DC 20007-5208
Telephone: (202) 965-8140
Facsimile: (202) 965-8104


(a)     The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and shall include: (a) the case name and number; (b) the name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel; (c) the basis for the objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel;

(b)     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed

from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c) Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and

16

Class Notice will not be entitled to appear at the Final Approval Hearing to raise any objections.

13. **Releases.** If the Settlement is Finally Approved, the Releasing Persons shall release the Released Persons from all Released Claims (the definitions of "Releasing Persons," "Released Persons" and "Released Claims" set forth in Sections 2.41, 2.42, 2.43 and 10 of the Settlement Agreement are hereby adopted and incorporated by reference), including, *inter alia*, and without limitation, all claims, charges, or demands that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning PNC's placement, or the Assurant Defendants' issuance, of LPI Policies during the Settlement Class Period, including but not limited to conduct, policies or practices concerning LPI Policies or to charges for PNC's Placement of LPI Policies during the Settlement Class Period.

14. **Attorneys' Fees and Expenses, and Case Contribution Awards**. Defendants agree not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed a total of $4,750,000. Plaintiffs and Class Counsel agree not to seek an award of Attorneys' Fees and Expenses in the Action in an amount exceeding $4,750,000. Defendants also agree not to oppose the application for a Case Contribution Award of $5,000 each for the Named Plaintiffs Enrique Montoya, Neyser Colonia, Xi Chen Lauren and Mark Stuckey for their work and assistance in this Action.

Plaintiffs and Class Counsel agree not to seek a Case Contribution Award in excess of $5,000 for each Named Plaintiff.

15.     **Preliminary Injunction.**   All Settlement Class Members are hereby preliminarily enjoined from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction for the Released Claims; or (ii) organizing any Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who request exclusion from the Settlement Class, into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint or counterclaim to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

16.     **Service of Papers.**  Defendants' Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defendants' Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and

shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason.  In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18. **Use of Order Following Termination of Settlement**.  This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against any Defendant of any fault, wrongdoing, breach, liability, or appropriateness of contested class certification, or by or against any Plaintiff or the Settlement Class Members, or

19

persons who would otherwise fall within the definition of the Settlement Class but who request exclusion from the Settlement Class, that their claims lack merit or that the relief requested in the Fourth Amended Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19. **Necessary Steps**.  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

**DONE and ORDERED**, in Chambers, in Miami, Florida, September 30, 2015.

                                              Jonathan Goodman
                                              UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All counsel of record